## LOUISVILLE, NEW ALBANY & CHICAGO RAILWAY COMPANY v. DOMKE.

[No. 17,609.    Filed June 28, 1898.    Rehearing denied Oct. 14, 1898,]

From the Cass Circuit Court.    *Affirmed.*

*E. C. Field, G. W. Kretzinger, John McHugh* and *McConnell & Jenkines,* for appellant.

*W. R. Coffroth, Nelson & Myers* and *Davidson & Storms,* for appellee.

McCABE, J.—The appellee sued the appellant to recover damages on account of a personal injury received by him through the alleged negligence of the appellant. A trial of the issues formed resulted in a special verdict, upon which the trial court rendered judgment for the damages assessed conditionally by the jury, the court having previously overruled appellant's motion for a new trial.

Both the several paragraphs of the complaint, as well as the facts found in the special verdict, show that the plaintiff's injury was received in and caused by the same collision which caused the death of plaintiff's decedent in the case of *Louisville, etc., R. Co.* v. *Heck,* 151 Ind. 292, and that appellee here, as the

decedent there, had nothing to do with the running or management of the work train, he being a bridge carpenter on the work train.

The assignment of errors in this case presents for decision the same questions, and none other, than were decided by this court in the last case referred to, with the exception that the special verdict in this case does not show, as it did in that, that the extra freight train had some verbal notice before it started out that the work train was out. But that can make no difference in the decision of the questions of law involved, as that circumstance, if it has any effect, makes this case weaker for the appellant than the other case. On the authority of that case the judgment in this must be and is affirmed.